# Siegfried et al., late partners, &c., *versus* Ludwig.

1. After the dissolution of a firm a liquidating partner may bind his late copartners by a note given by him in the firm name for money which he borrows to pay a debt of the firm and which he so applies.

2. One who seeks to hold all the members of the late firm liable upon an obligation incurred by the liquidating partner, is not required to prove express authority in said partner so to act; such authority may be implied by the continuance of its exercise for a considerable period of time with the knowledge of his late copartners.

3. Where, upon the dissolution of a partnership, a notice is inserted in the newspapers, with the knowledge and consent of all the members, that one partner will act as liquidating partner, the other partners cannot deny liability on a note for money borrowed by the liquidating partner to pay a firm debt, by showing that in the agreement of dissolution it was provided that the liquidating partner should in all matters act under the advice and instructions of the other partners, and that he had given the note in suit without their knowledge or consent.

March 7th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of July Term 1882, No. 172.

Assumpsit, by Wilson P. Ludwig, against Henry Siegfried, Charles W. Ludwig, Samuel Roth and George Hagenbuch, late partners in the firm of Siegfried, Ludwig & Co., upon a promissory note, dated December 20th 1877, signed "Siegfried, Ludwig & Co.," in favor of the plaintiff, for $1,050.

On trial, before ALBRIGHT, P. J., the following facts appeared : On January 8th 1877, the several members of the firm of Siegfried, Ludwig & Co. (the defendants) signed articles of dissolution, wherein it was provided, inter alia, "that the said George Hagenbuch and Charles W. Ludwig shall and will take charge of the books . . . . and forthwith proceed to and with the collection and closing of the said accounts as speedily as possible ; and that the said George Hagenbuch and Charles W. Ludwig will in all things consult with the said parties to these presents and act upon and in accordance with their advice and under their instructions." Thereupon a notice was published in the newspapers of Allentown by and with the knowledge and consent of all the partners, and signed "Siegfried,

[Siegfried *v.* Ludwig.]

Ludwig & Co." that "Charles Ludwig and George Hagenbuch are duly appointed liquidating partners, to whom all debts must be paid and to whom all creditors of said firm will please hand their accounts."

The said George Hagenbuch shortly afterward entered a new firm, and ceased to act as liquidating partner of the old firm, Charles W. Ludwig continuing thereafter to act as sole liquidating partner thereof.

In December 1877, stay of execution on a judgment against the firm of Siegfried, Ludwig & Co. being about to expire, the said Charles W. Ludwig, acting as liquidating partner, borrowed the sum of $1,050 from the plaintiff, his son, then twenty years of age, to make up the amount necessary to pay said judgment, and gave him the note in suit therefor. The money so borrowed was applied by Charles W. Ludwig, in payment of the firm's debt.

The court submitted the evidence to the jury to find whether the plaintiff had moneys of his own out of which he lent his father the amount of the note, for the purpose mentioned, and whether Charles W. Ludwig borrowed the same as liquidating partner for the payment of the firm's debt. On the latter point the court, after referring to the provisions of the agreement of dissolution, said in the charge:—

"But there is no power in that paper to do the act which Charles Ludwig did here. [Outside of that writing, and without any express direction, if the facts satisfy you that the other partners were willing that Charles Ludwig should act as liquidating partner, he is to be taken as such, and his acts bind the firm. I say to you that it does not require an express authority to constitute a member of a dissolved firm a liquidating partner.] One may be such by permission or tacit consent of the other parties. When one of several members of such dissolved firm acts as a liquidating partner, acts as the one whose right and duty it is to settle the affairs of the late firm, and the other members know that he is so acting, and they raise no objection to his doing so, the jury may infer authority to so act. . . . . . If under the evidence you find that he was not the liquidating partner, your verdict will be in favor of the defendant. If you find that with the knowledge of his late copartners and their permission, he acted by way of settling up the affairs of the dissolved firm, he is to be taken as a liquidating partner, and if as such he actually obtained this money from the plaintiff, and applied it towards the payment of the Bitting judgment, as he says he did, because that was a debt of the firm, the plaintiff is entitled to recovery."

Verdict and judgment for the plaintiff.

The defendants took this writ of error, assigning for error,

[Shoemaker *v.* Stiles.]

inter alia, the portion of the charge above quoted within brackets.

*Thomas B. Metzgar* (*John D. Stiles & Son* with him), for the plaintiffs in error.

*R. E. Wright, Jr.* (*A. H. Focht* with him), for the defendant in error.

The opinion of the court was delivered March 19th 1883.

PER CURIAM. It is well settled that after the dissolution of a partnership, a liquidating partner may give the note of the firm for money which he borrows to pay a debt of the firm, and so applies the money: Davis' Estate, 5 Whar. 530; McCowin *v.* Cubbison, 22 P. F. Smith 358 ; Lloyd *v.* Thomas, 29 Id. 68.

There was sufficient evidence to justify the finding that Charles W. Ludwig was a liquidating partner. The published notice signed by the firm declared that he and Hagenbuch were appointed liquidating partners. The latter ceased to act as such, and Ludwig was suffered to act alone. It matters not that by a private agreement between the parties all of them were to be consulted in regard to the business, and the action to be in accordance with their advice. Express authority need not be proved. It may be found from the continued exercise of such powers with the knowledge and implied assent of the co-partners. The evidence shows the money was borrowed by Ludwig in good faith, and actually applied in payment of the indebtedness of the firm. We discover no cause for reversal.

Judgment affirmed.